# WASHINGTON COUNTY.

JAMES HANLEY *vs.* JOHN D. POWERS.

The sale of intoxicating liquors for exportation is not forbidden by the Revised Statutes of Rhode Island, cap. 78, §§ 1, 14, 15.

PLAINTIFF'S petition for a new trial.

Assumpsit on book account for liquors sold by the plaintiff, a wholesale dealer in Providence, to the defendant, a retail dealer in Stonington, Connecticut, originally brought in the Court of Common Pleas, and appealed by the defendant to this court, where a verdict was given for the defendant. The defendant, whose place of business was distant about one quarter of a mile from the railroad station in Westerly, Rhode Island, and about five miles from the station in Stonington, Connecticut, had the liquors in question sent to him over the New York, Providence, and Boston Railroad, marked " John D. Powers, Westerly, R. I.," and carted from the Westerly station to his store.

The charge given by the judge to the jury, and excepted to, was in effect that if the liquors were delivered to or received by the defendant in Westerly, R. I., the sale was a sale in Rhode Island, notwithstanding the fact that the contract for the liquors might have been made in Connecticut, or the orders for the liquors received from that state; and further, that the sale of the liquors by the plaintiff for the purpose of exportation to Connecticut would not come within the exception contained in the Revised Statutes R. I. cap. 78, § 1, unless the plaintiff was a manufacturer or distiller, which it was admitted he was not. The first section of said chapter being qualified by the fourteenth and fifteenth sections.

*Providence, June* 9, 1874. POTTER, J. The plaintiff, a resident of Providence, in this case sues for the value of certain liquor sold in Providence to be carried to Stonington in Connecticut, where the defendant resided and transacted business.

The defendant contended that the sale in Rhode Island was

unlawful, being contrary to the statute, and that therefore the plaintiff could not recover. On the judge so ruling in favor of the defendant, a verdict was rendered for the defendant, and on exceptions taken the question now comes up for our decision.

Was the sale contrary to law? It is provided by the Revised Statutes of 1857, cap. 78, § 1, that "no person shall at any time manufacture or sell, or suffer to be manufactured or sold by any person, except for the purpose of exportation, or keep or suffer to be kept in his premises or possession, or under his charge, for the purposes of sale, within this state, any ale, wine, rum, or other strong or malt liquors, or any mixed liquors a part of which is ale, wine, rum, or other strong or malt liquors, *unless as is hereinafter provided.*"

It is very evident that this section does not forbid a sale for exportation.

Is there any other portion of the act which does forbid it? None positively; but it is contended that sections fourteen and fifteen, relating to keeping for sale, do so by implication. Section fourteen provides that it shall be lawful to buy liquor of the town agent, for importers to sell in the original packages, and "for any manufacturer or distiller of liquors of all kinds to hold, own, and keep and sell the same for exportation;" and then by section fifteen all *other* liquor is forbidden to be kept or deposited in this state for sale.

Was this sale then unlawful, on the ground that he had no right to keep it for sale?

It will be noticed that the first section which we have quoted does not forbid, but by express exception, as plain as it can be made, leaves a sale for exportation lawful, as it would have been but for the act; and that it only prohibits the keeping of liquor for sale *within this state;* and this, to be consistent, must mean a sale for use within the state, unless we are to suppose the legislature intended to mislead, and this is the leading section, apparently declaring the object of the act, and of which the other sections may be considered as the details. And as it is a prohibitory act, the proviso cannot, of course, refer to further restrictions, but rather to enlargements from the restraint.

In this condition of the law the safer course is to go by the plain and obvious meaning of the first section, and to hold that,

when the right to sell and to keep for sale for exportation is allowed in that section, it is not to be considered as taken away by any implication afterwards.                    *New trial granted.*

John H. Cross, for plaintiff.

Thomas H. Peabody & Elisha C. Clarke, for defendant.